IN THE UNITED STATES DSITRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Charles Williams ) | |
| ) | Case Number: |
| v. ) | Judge: |
| ) | |
| Hard Rock Café International (Chicago), Inc.) | |

## COMPLAINT

Plaintiff Charles Williams (hereinafter "Plaintiff" or "Williams"), by and through his attorneys Langone, Johnson, and Cassidy LLC, files his Complaint against Defendant, Hard Rock Café International (Chicago), Inc. (hereinafter "Defendant"). Plaintiff seeks damages from Defendant and states as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e-2(a) (hereinafter "Title VII").

2. This is an action for monetary damages, under the Age Discrimination Employment Act, 29 USC. § 621 et seq. (hereinafter the "ADEA").

3. This action is to redress Defendant's unlawful employment practices against Plaintiff. Specifically, Defendant's unlawful discrimination against Plaintiff because of his age and race, leading to his unlawful termination.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331 and

1343, as this action involves a federal question regarding Plaintiff's civil rights under the ADEA and Title VII.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

6. Plaintiff, Charles Williams, ("Williams"), is a citizen of the United States and a resident of the State of Illinois.

7. Defendant, Hard Rock Café International (Chicago), Inc. is an Illinois corporation with a principal place of operations in Chicago, Illinois.

8. Defendant is an "employer" as defined by Title VII and the ADEA.

9. Defendant employs over 15 employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all the statutory prerequisites to filing this action.

11. On October 2nd, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, ("EEOC"), alleging that the Defendant violated Title VII of the Civil Rights Act of 1964.

12. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13. On or about November 6th, 2018 the EEOC re-mailed a Notice of Right to Sue that was returned as undeliverable. Plaintiff through counsel received a copy several days after November 6th, 2018. A copy is attached as Exhibit A.

14. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

## FACTS

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-14, above.

16. Plaintiff was hired by Defendant on August 26th, 1999.

17. Plaintiff worked for defendant for roughly seventeen years until his discharge on March 20th, 2017.

18. Plaintiff was a good employee, receiving a promotion to "Rocker", a lead server, also in charge of training other servers during October 2012.

19. Pins were given out to exceptional employees.

20. Plaintiff had some of the most pins of employees at the location.

21. Plaintiff was never subject to any disciplinary hearing or action until March 17th, 2017.

22. Plaintiff was not treated fairly in consideration of his time with the company and senior position.

23. Plaintiff's immediate supervisor was Clarence Choffel ("Choffel") (non-black, 39).

24. Beginning around January 2017 and continuing until Plaintiff's termination, Choffel subjected Plaintiff to unequal and unfair employment practices.

25. Choffel made Plaintiff work as much as seven hours without any breaks.

26. Choffel forced Plaintiff to perform duties outside of his job title including acting as a

host.

27. Choffel denied him advancement opportunities by not informing him of job openings that he was qualified for, deciding instead to promote people Plaintiff had trained to managerial positions above Plaintiff.

28. Two of these individuals were Jacqueline Lovede ("Lovede") (non-black, under 40) and Michael Utz ("Utz") (non-black, under 40).

29. Defendant alleges that Plaintiff should have applied online for these positions.

30. Plaintiff did not have to apply online for his original promotion to "Rocker".

31. Over the course of the seventeen years that Plaintiff worked for Defendant, Defendant only ever had two black managers.

32. Both of these managers were ultimately fired.

33. After seventeen years of working for Defendant, Plaintiff was suspended on March 17th, 2017 for stealing.

34. The "stealing" in question involved receipts from Plaintiff's customers being off.

35. The reason being, that Plaintiff often informed his customers that if they were to fill out a survey at the bottom of the receipt they would get a percentage off their purchase.

36. To apply this discount into the system a manager's approval was required.

37. To apply the Plaintiff's veteran discount into the system a manager's approval was Required.

38. The manager has the duty to make sure all discounts are proper.

39. Therefore, the Plaintiff cannot be held liable for improper application of these discounts, because he would not have been able to apply them without manager approval.

40. On or around March 16th, 2017 or March 17th, 2017 the Plaintiff was brought into a room with Choffel and another manager, and told he was to be suspended.

41. Plaintiff was visibly upset by the news.

42. Choffel and the other manager left the room for an inordinate amount of time.

43. After waiting for a period of time, Plaintiff tried to leave the room to discover that he was locked in.

44. Plaintiff was locked in the room for three hours.

45. After three hours, police arrived and escorted Plaintiff off the property and to a nearby hospital's psychiatric ward.

46. Plaintiff had never been subject to disciplinary action before.

47. Plaintiff had never given reason for Choffel to believe that this course of action was required for safety reasons.

48. No other suspension over the course of Plaintiff's seventeen years was conducted in this manner.

49. Plaintiff was demeaned and publicly embarrassed by this action.

50. Plaintiff was left with a $3,000 hospital bill for his intake into the psychiatric ward.

51. Action was taken due to supposed instability of Plaintiff.

52. Response by management was unjustified.

53. Response by management was discriminatory in nature.

54. Plaintiff was informed on March 20th, 2017 that he was discharged.

## COUNT I: Violation of Title VII of the Civil Rights Act of 1964 (42 USC §20003 et seq.)
### Unequal Terms and Conditions of Employment, Due to Race & Color

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-54, above.

56. Although Plaintiff had more experience than both Lovede (non-black) and Utz (non-black), and Plaintiff was the one who initially trained them to be servers, Plaintiff was not upgraded to the position of manager, whereas they were.

57. Over seventeen years Defendant only ever hired two black managers.

58. Both of these managers were fired.

59. Plaintiff was accused of stealing, even though manager approval was required for him to "steal" in the manner that Defendant did.

60. On or around March 16th, 2017 or March 17th, 2017, Plaintiff was made to sit in a room for three hours before police came and escorted Plaintiff to a hospital.

61. Plaintiff has no history of violence at work or outside of work.

62. Plaintiff gave no reason that would make it valid for him to be treated in this fashion.

63. Plaintiff was treated in this way based on Choffel's negative perception that black men would become violent in a situation such as this.

64. Other younger white employees who were suspended were not removed from the premises in this fashion or subjugated to an unnecessary waiting period.

65. Race discrimination under Title VII requires a preponderance of the evidence level of scrutiny (Greater than 50%).

## COUNT II: Violation of Title VII of the Civil Rights Act of 1964 (42 USC §20003 et seq.)

### Age Discrimination in Violation of the ADEA

66. Plaintiff restates and realleges paragraphs 1-65 of this Complaint as if fully set forth herein.

67. To establish a prima facie case for age discrimination under the ADEA an employee must show that (1) they are part of a protected class; (2) they were meeting the employer's legitimate job expectations; (3) they suffered an adverse employment action; and (4) they were treated differently than similarly-situated employees who were not members of the protected class.

68. Plaintiff meets the ADEA requirement of being within a protected class by being over the age of forty.

69. Plaintiff worked for defendant for seventeen years without issue

70. Plaintiff was promoted to the position of "Rocker", a lead server, who also trains other servers during October 2012.

71. Plaintiff performed more duties than were required by his position.

72. Plaintiff worked long hours without required breaks.

73. From the time of his promotion, Plaintiff trained a series of younger servers.

74. Multiple servers trained by Plaintiff would come to occupy higher positions than Plaintiff even though Plaintiff had an extensive history with the company and even though he trained the younger servers.

75. On or around March 16th, 2017 or March 17th, 2017 Defendant verbally notified Plaintiff that he was suspended.

76. On or around March 16th, 2017 or March 17th, 2017, on the same day that Plaintiff

7

was notified that he was suspended, he was made to sit in a room for three hours before police came and escorted Plaintiff to a hospital.

77. On or around March 20th, 2017 Defendant notified Plaintiff that he was discharged.

78. Multiple other firings occurred without the individuals in question being made to wait in a room or have a police escort off the premises.

79. After seventeen years working for the Defendant, Plaintiff was humiliated and degraded in this way whereas other younger members, who spent less time with the company, were not.

## COUNT III: Violation of Title VII of the Civil Rights Act of 1964 (42 USC §20003 et seq.)
## Intersectional Race and Age Discrimination

80. Plaintiff restates and realleges paragraphs 1-79 of this Complaint as if fully set forth herein.

81. Plaintiff was discriminated against due to a negative perception of older black men.

82. Plaintiff was never upgraded to the position of manager, even though his trainees Lovede (non-black, under 40) and Utz (non-black, under 40) were with less experience and time working for the Defendant.

83. Plaintiff was made to work long hours without breaks

84. Plaintiff was left alone and locked in a room for three hours.

85. Plaintiff had a police escort remove him from the property.

86. Plaintiff was made to go to a psychiatric ward due to his reasonably negative reaction to getting suspended for a crime he did not commit.

87. These actions were not done to other members in the same position as plaintiff.

88. Similarly situated employees who were not black and not over forty were not locked in a room or given a police escort.

## COUNT IV:

### False Imprisonment

89. Plaintiff restates and realleges paragraphs 1-88 of this Complaint as if fully set forth herein.

90. Tort of false imprisonment is defined as "an unlawful restraint of an individual's personal liberty or freedom of locomotion" Toothman v. Hardee's Food Sys., 304 Ill. App. 3d 521 (5th Dist. 1999).

91. The essential elements of a cause of action for false imprisonment are that: (1) the Plaintiff was restrained by the Defendant; and (2) the Defendant acted without having reasonable grounds to believe that the plaintiff committed an offense.

92. Plaintiff was restrained of his personal liberty and freedom of locomotion for three hours by managers of Defendant.

93. Choffel, Plaintiff's direct manager, had no reasonable grounds on which to believe that this treatment was required.

94. Plaintiff did not have any prior disciplinary events.

95. Plaintiff worked for Defendant for seventeen years without incident.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Damages in accordance with Title VII requirements;

B. Damages in accordance with ADEA requirements;

C. Damages in accordance with common law false imprisonment

D. Costs of suit;

E.      Any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,
/s/ Christopher V. Langone

Langone Johnson and Cassidy
17 N. Wabash, Ste. 500
Chicago, IL 60601
(312) 344-1945

Respectfully Submitted,
/s/ Christopher V. Langone



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
Chicago TTY (312) 869-8001
Enforcement Fax: (312) 869-8220
Legal Fax: (312) 869-8124

November 6, 2018

Charles Williams
c/o Christopher Langone, Esq.
Langone, Batson & Lavery, LLC
17 N. Wabash Ave., Suite 500
Chicago, IL 60602

      Re: Charles Willliams v. Hard Rock Café International
      EEOC Charge Number: 21B-2017-01243

Dear Messrs. Langone and Williams:

The Dismissal and Notice of Rights or Notice of Right to Sue has been returned by the United States Postal Service as either "Unclaimed" or "Undeliverable" or "Forward Time Expired" or "Not Deliverable As Addressed" or "Unable to Forward." Please note that you have only 90 days from the date of receipt in which to file suit in federal court.

If you have any further questions, please feel free to contact Daniel L. Lim, State and Local Coordinator, at (312) 869-8082. We apologize for any inconvenience.

Sincerely,

*Julianne Bowman*/dll

Julianne Bowman
District Director

Cc:

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**RECEIVED EEOC**

## DISMISSAL AND NOTICE OF RIGHTS

OCT 0 2 2018

| To: | Charles Williams<br>c/o Christopher Langone, Esq.<br>Langone, Batson & Lavery, LLC<br>3821 Linneman Street<br>Chicago, IL 60602 | From: | Chicago District Office<br>500 West Madison St   **CHICAGO DISTRICT OFFICE**<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2017-01243 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/bc*        9/21/18

Enclosures(s)      **Julianne Bowman,**       *(Date Mailed)*
                **District Director**

cc:
**HARD ROCK CAFE INTERNATIONAL**
c/o Nadine C. Abrahams, Esq.
Jackson, Lewis, PC
150 N. Michigan – Suite 2500
Chicago, IL 60601